Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates, LLC (2019 NY Slip Op 05074)





Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates, LLC


2019 NY Slip Op 05074


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9703 160831/16

[*1]Board of Managers of 150 East 72nd Street Condominium, Plaintiff-Respondent,
v
Vitruvius Estates, LLC, Defendant-Appellant, Harry Macklowe, Defendant.


Desiderio, Kaufman & Metz, PC, New York (Jeffrey R. Metz of counsel), for appellant-respondent.
Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 15, 2018, which, insofar as appealed from as limited by the briefs, denied defendant Vitruvius Estates, LLC's (defendant) motion to dismiss the first, second, and third causes of action, unanimously affirmed, with costs.
Plaintiff contends that defendant, sponsor of the condominium offering plan, underfunded plaintiff's reserve fund by using the wrong value for "total price" in the calculation of the amount of the fund (see Administrative Code of City of NY §§ 26-703[b][i] ["three percent of the total price"]; 26-702[b][2] ["the sum of the cost of all units in the offering at the last price which was offered to tenants in occupancy prior to the effective date of the plan"]). Plaintiff also contends that the aggregate price of the four commercial units in the condominium building should be factored into the calculation of the amount of the reserve fund.
While we affirm, we do so on different grounds. With respect to the correct value for "total price," we find, contrary to the motion court, that "the last price which was offered to tenants in occupancy prior to the effective date of the plan" was the tenant discount price contained in the Fifth Amendment to the Condominium Offering Plan. Although the discount price in the Fifth Amendment was made effective simultaneously with the acceptance of the amendment for filing, the fact that the price was made available retroactively to any tenant who had purchased a unit under the original plan or any amendment preceding the Fifth Amendment renders it the lowest price offered "prior to the effective date of the plan." Construing the ordinance to provide for calculation of "total price" based on a retroactively applicable discounted price promotes public policy by "encourag[ing] the sponsor to lower the insider price[,] which inures to the benefit of the tenants in occupancy," and "gives the sponsor an incentive to fund the entire reserve fund at closing[,] which is beneficial to all shareholders" (45 E. 89th St. Tenants Assn. v Dwelling Mgrs. , Sup Ct, NY County, Oct. 28, 1991], Schlesinger, J., index No. 028332/90, at 5, affd for reasons stated below 191 AD2d 403 [1st Dept 1993]).
With respect to the commercial units, we find, contrary to the motion court, that they should be included in the calculation of "total price." Administrative Code § 26-702(b)(2) defines "total price" as "the sum of the cost of all units in the offering." The word "all" is unambiguous; the provision does not on its face distinguish between residential and commercial units. Accordingly, we need not, as defendant urges, look to the principle of in pari materia or otherwise look beyond the plain words of the legislation (see Doctors Council v New York City Employees' Retirement Sys. , 71 NY2d 669, 674 [1988]; McKinney's Cons Laws of NY, Book 1, [*2]Statutes § 221[a], Comment).
We find that the complaint adequately pleads a cause of action for breach of contract (see CPLR 3013).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK